UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KERRY J. SUMNER and<br>TINA SUMNER,<br><br>            Plaintiffs<br><br>            vs.<br><br>TOWN OF CONVERSE, INDIANA;<br>BOARD OF TRUSTEES and its<br>PRESIDENT, in his representative<br>capacity as Town Executive; and<br>MICHAEL MILLS,<br><br>            Defendants | CAUSE NO. 3:07-CV-1 RM |

OPINION and ORDER

This cause is before the court on the motion of the Town of Converse, its Board of Trustees and Board President, as Town Executive, and Michael Mills to dismiss the plaintiffs' complaint. The Sumners filed a belated response to the motion, and while they didn't properly request an extension of time to file the response or request that their response be accepted belatedly, *see* L.R. 6.1, consideration of the plaintiffs' arguments will assist the court in resolving the current motion.

The complaint arises from the December 2004 arrest of plaintiff Kerry Sumner by defendant Michael Mills, who was employed by the Town of Converse as a deputy town marshal. Count I alleges that the arrest was without probable cause, Mr. Sumner was injured during his arrest, the Town of Converse was

negligent in hiring Deputy Mills, and the Town didn't provide Deputy Mills with proper training. Mr. Sumner seeks a judgment "against the defendants jointly and severally" to compensate him for his damages and medical treatment. Count II alleges that as a result of Mr. Sumner's "unlawful arrest initiated by the defendant Mills he was subject to prosecution by the State of Indiana, which was dismissed," resulting in a violation of his Fourth Amendment "and other civil rights." Mr. Sumner requests "a judgment pursuant to 42 United States Code 1983" against Deputy Mills and the Town of Converse. In Count III, Mr. Sumner alleges he suffered damages based on claims of malicious prosecution, false arrest and imprisonment, and battery; he asks to be awarded consequential and punitive damages against unnamed defendants. Finally, Tina Sumner advances a loss of consortium claim in Count IV and seeks damages from "the defendants" based on the acts of Deputy Mills.

The defendants have moved to dismiss the Sumners' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The defendants haven't addressed the standards for dismissal under either Rule or specified which Rule they believe to be applicable to which of the plaintiffs' various claims. A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction and should be granted if the court lacks the statutory or constitutional power to adjudicate the case. In contrast, a motion under Rule 12(b)(6) is a challenge to the merits of the action, a determination of whether the facts alleged in the complaint state a claim upon which relief can be granted. Bell v. Hood, 327 U.S. 678, 682

(1946). If dismissal pursuant to Rule 12(b)(1) is proper, the Rule 12(b)(6) arguments need not be addressed. *See* Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998) ("It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action.").

The defendants say the Sumners' complaint should be dismissed because some of the claims don't rise to a constitutional level, some claims don't exist under the statute, and other claims are based on facts that don't fulfill the requirements of stating a federal claim. The complaint alleges claims brought "pursuant to 42 USCA 1983." Congress has granted federal courts jurisdiction to hear cases brought under 42 U.S.C. § 1983. 28 U.S.C. § 1343(a). And while a complaint may be dismissed if the alleged jurisdictional basis is made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous, Bell v. Hood, 327 U.S. at 681-682, the defendants haven't argued or alleged that the plaintiffs based their claims on § 1983 for the sole purpose of obtaining jurisdiction or their reliance on § 1983 is wholly insubstantial and frivolous. Indeed, the defendants removed the action to this court based on their representation that "[t]his action is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1331." Removal Petn., ¶ 5. The bases advanced by the defendants for dismissal of the complaint relate to the plaintiffs' lack of a remedy under federal law, not the lack of a federal question, so the proper vehicle for addressing the defendants' motion is Rule 12(b)(6). *See* Bell v. Hood, 327 U.S.

3

at 682 ("Jurisdiction . . . is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. The complaint's factual allegations will be taken as true and viewed in the light most favorable to the plaintiff, as the non-moving party, when challenged by a motion to dismiss. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Williams v. Seniff, 342 F.3d 774, 781 (7th Cir. 2003). "The plaintiff's claims should survive dismissal if relief could be granted under any set of facts that could be proved consistent with the allegations." McMillan v. Collection Professionals, Inc., 455 F.3d 754, 758 (7th Cir. 2006). The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint and not the facts that support it. Neitzke v. Williams, 490 U.S. 319, 326-327 (1989). The issue in a Rule 12(b)(6) motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) (*quoting* Scheuer v. Rhodes, 416 U.S. at 236).

The defendants first argue that the plaintiffs haven't stated any claims under 42 U.S.C. § 1983 that would entitle them to relief. The defendants contend that even though the complaint alleges jurisdiction pursuant to 42 U.S.C. § 1983,

4

the complaint doesn't pass the two-tiered analysis of Parratt v. Taylor, 451 U.S. 527, 535 (1981): a deprivation, by a person acting under color of state law, of rights, privileges, or immunities secured by the Constitution or laws of the United States. The defendants don't dispute that Deputy Mills acted under color of state law, but assert the plaintiffs haven't properly alleged the deprivation of a Constitutional right.

There is no heightened pleading standard for § 1983 suits: complaints need only provide a short and plain statement of the claim that will give the defendants fair notice of the plaintiffs' claims and the grounds upon which their claims rest. Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 167 (1993). The complaint initially alleges that the action "is brought pursuant to 42 USCA 1983 for violation of its provisions." Compl., ¶ 1. 42 U.S.C. § 1983, however, "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-394 (1989). The complaint further alleges that Mr. Sumner was arrested without probable cause and "as a result of the unlawful acts of defendant Mills under color of state law the plaintiff Kerry J. Sumner's constitutional rights under the Fourth Amendment of the United States Constitution and other civil rights were violated." Compl., ¶ 14.[1] Under the notice pleading requirements of Federal Rule of Civil

---

[1] Although the Sumners state in their response brief that Mr. Sumner's arrest "was clearly a violation of his First Amendment right of free speech," their complaint doesn't contain that allegation, and a complaint can't be amended through arguments in a response brief. See Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his
(continued...)

5

Procedure 8, the plaintiffs aren't required to set forth all facts upon which they rely to support their claim. Their allegation that Mr. Sumner's Fourth Amendment rights were violated by an officer acting under color of state law is sufficient to entitle the Sumners to offer evidence to support their claim.

*Claims Against Michael Mills*

The defendants note that the complaint doesn't designate whether Michael Mills is being sued in his official or individual capacity. According to the defendants, the allegations of the complaint – that Deputy Mills was employed as a deputy town marshal at the time of the incident at issue – make clear that Deputy Mills is being sued in his official capacity only and therefore "no claim has been made against defendant Mills individually under 42 U.S.C. § 1983, but rather only against the Town of Converse." Mot., at 3.

The Sumners respond that they have named Michael Mills "as a person" and haven't sued him in his official capacity. "The only person sued in his official capacity was the Town Board President." Resp., ¶ 9. The Sumners' omission of the phrase "individual capacity" doesn't necessarily render the action solely an official capacity suit. Miller v. Smith, 220 F.3d 491, 494 (7th Cir. 2000) (rejecting presumption that § 1983 plaintiffs who don't designate whether defendant is sued

---

[1](...continued)
complaint through arguments in his brief in opposition to a motion for summary judgment."); Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984) (complaint may not be amended by brief in opposition to motion to dismiss).

6

in individual or official capacity intended official capacity suit); Hill v. Shelander, 924 F.2d 1370, 1373-1374 (7th Cir. 1991) (same). "Where the plaintiff seeks injunctive relief from official policies or customs, the defendant has been sued in [his] official capacity; where the plaintiff alleges tortious conduct of an individual acting under color of state law, the defendant has been sued in [his] individual capacity." Miller v. Smith, 220 F.3d at 494. Here, the Sumners haven't alleged a violation of their constitutional rights based on an official policy, practice, or custom. Rather, their claims are based on an allegedly unconstitutional act by Deputy Mills: his arrest of Mr. Sumner without probable cause. Considering the nature of the conduct alleged and the relief requested, "an individual capacity suit plainly lies, even [though] the [Sumners] failed to spell out [Michael Mills'] capacity in the complaint." Hill v.Shelander, 924 F.2d at 1374; *see also* Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001) (concluding that plaintiff, who didn't specify whether defendant officers were being sued in their official or individual capacities but complained of unconstitutional acts by officers and requested punitive damages, intended to sue officers in official capacity). The defendants' motion to dismiss any claims the Sumners are attempting to assert against Michael Mills in his official capacity will be granted, but the defendants' motion to dismiss the plaintiffs' § 1983 individual capacity claims against Michael Mills will be denied.

7

*Claims Against Town of Converse*

A complaint brought pursuant to 42 U.S.C. § 1983 against a municipality must allege a constitutional deprivation caused by an official policy or custom; a municipality can't be liable under § 1983 on a *respondeat superior* theory. Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978). Thus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694. Even "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." Oklahoma City v. Tuttle, 471 U.S. 808, 823-824 (1985).

The Sumners haven't alleged a policy, custom, or practice and in their response to the motion to dismiss acknowledge they are not entitled to relief against the Town of Converse for a violation of 42 U.S.C. § 1983. Accordingly, the motion to dismiss the § 1983 claims against the Town of Converse will be granted.

*Claims Against Board of Trustees and Board President*

Neither side addressed the Sumners' claims against the Board of Trustees and the Board President, but a review of the complaint shows that the Board and its President are named solely in the caption. The complaint otherwise contains

8

no mention of or allegations against or relating to the Board or its President. "It is well-established that a plaintiff may only bring § 1983 claims against those individuals personally responsible for the constitutional deprivation." Doyle v. Camelot Care Centers, Inc., 305 F.3d 603, 614 (7th Cir. 2002). A government official "causes a constitutional deprivation if he sets in motion a series of events that defendant knew or should have known would cause others to deprive plaintiff of constitutional rights." Brokaw v. Mercer County, 235 F.3d 1000, 1012 (7th Cir. 2000). The plaintiffs haven't alleged any actions or personal involvement by the Board or its President that resulted in a constitutional deprivation, nor have they set forth any claims against those defendants that would entitle them to relief. The Board of Trustees and the Board President must be dismissed as defendants.

*Claims of Loss of Consortium, Malicious Prosecution, Battery and Negligent Hiring*

The defendants have moved to dismiss the Sumners' claims of loss of consortium, malicious prosecution, battery, and negligent hiring as not actionable under 42 U.S.C. § 1983. Based on the allegations of the Sumners' complaint, recovery under § 1983 may not be available for negligent hiring, *see* Chicago Housing Authority v. Federal Security, Inc., 161 F.3d 485, 488 (7th Cir. 1998) ("It is well established that a § 1983 claim requires proof of intentional acts to deprive the victim of [his] civil rights."); malicious prosecution, *see* Newsome v. McCabe, 256 F.3d 747, 750-752 (7th Cir. 2001) (because there is no "constitutional right

9

not to be prosecuted without probable cause," a plaintiff may not state a § 1983 claim simply by alleging that he was maliciously prosecuted but instead must allege the violation of one of his constitutional rights, such as the right to a fair trial); or loss of consortium or battery, *see* Windle v. City of Marion, Ind., 321 F.3d 658, 662 (7th Cir. 2003) ("State law violations can't form the basis for imposing liability under § 1983."), but recovery on those claims may be available under Indiana law.

  Analysis of a Rule 12(b)(6) motion requires the court to consider whether the plaintiffs could prevail "under any legal theory or set of facts." County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 818 (7th Cir. 2006). The Sumners allege in the complaint that in addition to their reliance on 42 U.S.C. § 1983 their claims are brought pursuant to "the tort laws of the State of Indiana," Compl., ¶ 1, an allegation sufficient to provide a legal basis for their negligent hiring, malicious prosecution, battery, and loss of consortium claims. *See* FED. R. CIV. P. 8(a) (complaint must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief"). The defendants' motion to dismiss those claims based on 42 U.S.C. § 1983 will be granted, but their request to dismiss those claims in their entirety will be denied.

*Conclusion*

Based on the foregoing, the court GRANTS IN PART and DENIES IN PART the defendants' motion to dismiss [docket # 6]. The motion is GRANTED in the following particulars:

(a) the plaintiffs' claims under 42 U.S.C. § 1983 against the Town of Converse and Michael Mills in his official capacity are DISMISSED;

(b) the plaintiffs' claims against the Converse Board of Trustees and the Board President are DISMISSED; and

(c) the plaintiffs' claims for loss of consortium, malicious prosecution, battery, and negligent hiring brought pursuant to 42 U.S.C. § 1983 are DISMISSED.

The defendants' motion to dismiss is DENIED in all other respects.

SO ORDERED.

ENTERED:   May 11, 2007

  /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court